United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-41046
Summary Calendar

DENT ZONE NETWORK, L.L.C.,

Plaintiff-Appellee,

versus

HERITAGE ADMINISTRATIVE COMPANY, INC.; ET AL.,

Defendants,

HERITAGE ADMINISTRATIVE COMPANY, INC.;
HERITAGE SALES & MARKETING, INC.; DENT
ZONE, INC.,

Defendants-Appellants.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 4:03-CV-195)

Before REAVLEY, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:*

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants Heritage Administrative Company et al. (Heritage) bring this interlocutory appeal of the district court's preliminary injunction issued against them. We affirm.

The party seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) that the threatened injury outweighs any damage that the injunction will cause the opposing party, and (4) that the injunction will not disserve the public interest. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). The decision to grant or deny a preliminary injunction is reviewed for abuse of discretion. Id. We have reviewed the record and cannot say that the district court abused its discretion in determining that these four elements were established by plaintiff-appellee Dent Zone Network, L.L.C. (DZN).

Focusing on the first element, Heritage argues that DZN has not shown a likelihood of success on the merits because Troy Good, who incorporated DZN, abandoned the "Dent Zone" service mark by starting Dent Zone Franchising L.L.C. in 1996 and abandoning this company in 1998. The record does not reflect an abandonment of the mark by Good, who claims that he transferred ownership of the mark to DZN. The fact that one of his companies, through which he tried to franchise his paintless dent repair business, is no longer in business does not establish that he intended to abandon the Dent Zone mark that he had used in his business ventures since 1994. Abandonment

2

of a mark can occur "[w]hen its use has been discontinued with intent not to resume such use."  15 U.S.C. § 1127.

The record does not reflect that Good discontinued use of the mark with an intent not to resume use.  On the contrary, the record presents evidence that Good, originally through an unincorporated business and later through DZN, began using the Dent Zone mark in 1994; incorporated appellee Dent Zone, Inc. in 1996 and licenced that company to use to name in connection with a regional dent repair business; attempted to franchise his business in 1996-1998, again using the Dent Zone name; incorporated DZN in 2000, and Dent Zone International, Inc. in 2002, to continue and expand the paintless dent repair business using the Dent Zone name; applied for registration of three service marks using the Dent Zone name in 2001 and 2002; and brought this suit in 2003 to protect the ownership of the name.  The record reflects that Good worked more or less tirelessly from 1994 to the date of the injunction hearing to expand his dent repair business under the Dent Zone name, through a variety of business entities and business strategies, which included nonexclusive oral licenses to various entities and persons including Dent Zone, Inc. to use the Dent Zone name.  This course of events does not evidence an intent to abandon the use of the mark.

Heritage also argues that the injunction does not comply with security requirement Fed. R. Civ. P. 65(c), and the requirement of Rule 65(d) that the injunction "be specific in terms" and "describe in reasonable detail . . . the act or acts sought to be restrained."  We have reviewed the injunction order and conclude that these requirements were met.

3

AFFIRMED.